# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

IN RE:

**MICHAEL D. HORLACHER and**
**IRMA D. HORLACHER**

       **Debtors**

**EGLIN FEDERAL CREDIT UNION,**

       **Appellant/Plaintiff**

v.                                              Case No. 3:08CV173/MCR

**MICHAEL D. HORLACHER and**
**IRMA D. HORLACHER,**

       **Appellees/Defendants.**

_____/

## ORDER

      Appellant Eglin Federal Credit Union ("Eglin") appeals the bankruptcy court's Order Granting Reconsideration of the Nondischargeability Order dated March 7, 2008, entered in favor of Appellees Michael and Irma Horlacher (doc. 1-3). This court has jurisdiction over bankruptcy appeals under 28 U.S.C. § 158(a). As explained below, the bankruptcy court's decision is affirmed.

**Background**

      The facts of this case are taken largely from the bankruptcy court's order. The Horlachers filed a voluntary Chapter 7 bankruptcy petition on May 4, 2004. The petition and schedules did not list the Horlachers' debt in the amount of $18,279.95 to Eglin because, although the Horlachers had provided the information regarding this debt to their

counsel, it was inadvertently deleted from the schedules before filing. Following the initial meeting of the creditors, the court set a bar date of September 14, 2004, for creditors to file proofs of claim, and on August 10, 2004, the Horlachers received a discharge. Eglin did not receive any notice from the court regarding the bar date because it was not listed as a creditor on the Horlachers' schedules. According to Eglin, it did not receive notice of the Horlachers' bankruptcy case until June 2005.

On December 6, 2006, Eglin filed an adversary complaint in the bankruptcy court alleging that the Horlachers' debt to Eglin was nondischargeable under 11 U.S.C. § 523(a)(3)(A).[1] On February 28, 2007, the Horlachers amended their schedules to list Eglin as a creditor and thereafter filed a proof of claim on Eglin's behalf. In the adversary proceeding, the Horlachers argued that Eglin had actual notice of their bankruptcy and thus § 523(a)(3)(A) did not render the debt nondischargeable. The bankruptcy court conducted a trial limited to the issue of Eglin's actual notice of the bankruptcy proceedings. It found that the Horlachers had not met their burden of demonstrating that Eglin had actual notice of the bankruptcy and, in an order dated January 17, 2008, the court declared that the Horlachers' debt to Eglin was nondischargeable.

The Horlachers timely filed a motion for reconsideration under Fed. R. Civ. P. 59(e), in part arguing that, under 11 U.S.C. § 726(a)(2)(C), which permits "tardily" filed claims, Eglin could still file a proof of claim, which would permit payment of the claim in the event of an asset distribution.[2] The Horlachers thus argued that Eglin's proof of claim should be

---

[1] § 523. Exceptions to discharge
   (a) A discharge under section 727, 1141, 1228 (a), 1228 (b), or 1328 (b) of this title does not discharge an individual debtor from any debt— . . .
      (3) neither listed nor scheduled under section 521 (1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—
         (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing . . .

[2] § 726. Distribution of property of the estate
   (a) Except as provided in section 510 of this title, property of the estate shall be distributed [in the following order]— . . .
      (2) second, in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph (1), (3), or (4) of this subsection, proof of which is— . . .

Case No. 3:08CV173/MCR

considered "timely" filed under § 523(a)(3)(A), and their debt should be discharged. In response, Eglin argued that reconsideration was inappropriate, because the Horlachers had not presented sufficient grounds for the motion. As to the merits of the Horlachers' motion, Eglin maintained that § 523(a)(3)(A) unambiguously provides that a debt is nondischargeable when, as here, the creditor has missed the opportunity to file a proof of claim by the bar date and did not have actual notice of the bankruptcy proceedings. Eglin insisted that § 726(a)(2)(C) was irrelevant under the "plain language" of § 523(a)(3)(A).

In ruling on the Horlachers' motion for reconsideration, the bankruptcy court first concluded that reconsideration was appropriate because it had previously misapplied the law and that injustice would result if its prior ruling in favor of Eglin was permitted to stand. The court further found that under § 726(a)(2)(C), Eglin's proof of claim should be considered "timely" within the meaning of § 523(a)(3)(A). The court thus ruled that the Horlachers' debt to Eglin was dischargeable. This appeal by Eglin followed.

## Discussion

### Motion to Reconsider

Eglin argues that the bankruptcy court should not have heard the Horlachers' motion for reconsideration. The court disagrees.

The denial of a motion for reconsideration is reviewed for abuse of discretion, *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997), but as a procedural matter, it is unnecessary to directly challenge the grant of a motion for reconsideration because the appeal of the unfavorable substantive decision suffices to bring the disputed issues before the appellate court. *See Nat'l Center for Mfg. Sciences v. Dep't of Defense*, 199 F.3d 507, 511–12 (D.C. Cir. 2000) (stating that an appeal of the underlying merits issue disposes of issues raised by the motion to reconsider; thus, "[i]t is a waste of time to go further and

---

(C) tardily filed under section 501 (a) of this title, if—
   (i) the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim under section 501 (a) of this title; and
   (ii) proof of such claim is filed in time to permit payment of such claim . . . .

argue that the district court also should not have granted the motion for reconsideration"). In any event, the Horlachers' motion—filed eight days after the bankruptcy court's January 17, 2008, order—was timely. *See* Fed. R. Civ. P. 59(e). Moreover, an appropriate ground existed for the bankruptcy court to grant relief. Specifically, the bankruptcy court found that it had made an error in law that would result in injustice if its order were not reconsidered. As discussed below, this court agrees that the bankruptcy court erroneously held in its initial order that the Horlachers' debt to Eglin was nondischargeable. Accordingly, the bankruptcy court's decision to reconsider was not an abuse of its discretion.

**Merits of Appeal**

This court reviews *de novo* the bankruptcy court's conclusions of law. *In re JLJ, Inc.*, 988 F.2d 1112, 1116 (11th Cir. 1993). The findings of fact, as set forth above, are undisputed.

As it did below, on appeal Eglin argues that under the plain language of § 523(a)(3)(A) the Horlachers' debt is nondischargeable because, standing alone, the statute does not permit the discharge of any debt not listed or scheduled in time to permit a creditor's "timely" filing of a proof of claim. According to Eglin, it could not have filed a "timely" proof of claim because it did not have notice of the bankruptcy until June 2005, long after the September 14, 2004, bar date had passed. In opposition, the Horlachers again argue that because § 726(a)(2)(C) allows creditors who initially lacked notice to tardily file a proof of claim so long as the claim is filed prior to the date the trustee commences distribution, Eglin presently has the ability to file a proof of claim in a "timely" way, and thus § 523(a)(3)(A) does not render the debt nondischargeable.

In its effort to resolve these arguments, the bankruptcy court analyzed the interplay between § 523 and § 726. Finding the term "timely" in § 523 subject to two differing interpretations; i.e. as referring to the specific bar date, or, in a Chapter 7 case, possibly referring to the available time a creditor has to participate in a distribution, the court found it necessary to consider the legislative history of § 523(a)(3)(A) to resolve the ambiguity. That review led the bankruptcy court to *Birkett v. Columbia Bank*, 195 U.S. 345, 25 S.Ct. 38, 49 L.Ed. 231 (1904), in which the Supreme Court, interpreting the predecessor statute

to § 523(a)(3)(A), Section 17a of the Bankruptcy Act of 1898,[3] held that a debt is nondischargeable under § 17a, regardless of the debtor's inadvertence in listing it, when the creditor did not have actual knowledge of the proceedings sufficient to permit the creditor to participate fully in the administration of the estate and the distribution of assets. *Id*. at 350, 25 S.Ct. at 40. Sixty years later, in *Robinson v. Mann*, 339 F.2d 547 (5th Cir. 1964), the former Fifth Circuit Court of Appeals adopted an equitable approach to allow a debtor to amend his schedules to list a previously omitted debt, which otherwise would have been disallowed as untimely and thus would not have been dischargeable.[4] Although *Robinson* did not specifically address dischargeability of a debt under § 17a and focused instead on whether the debtor should be allowed to amend his schedules to include the debt the effect of the decision nonetheless was to allow discharge of an otherwise nondischargeable debt (i.e. because it had not been scheduled in time for proof and allowance) for equitable reasons, despite the express bar announced in *Birkett*.[5] *Id*. at

---

[3] Section 17a of the Bankruptcy Act of 1898 provided,

> A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as . . . have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy . . . .

Bankruptcy Act of 1898, 30 Stat. 544, 550 (1898) (repealed 1978).

[4] According to *Robinson*, to permit the out-of-time amendment of the schedules, the bankruptcy court must consider equitable factors including (1) the reason for the omission; (2) the potential for disruption to the court if amendment was allowed; and (3) the degree, if any, of prejudice to the creditors. *See Robinson*, 339 F.2d 547, 550 (5th Cir. 1964).

[5] *Robinson* does not specifically mention § 17a and instead discusses only § 57n of the Bankruptcy Code of 1898, which provides in pertinent part, "'. . . Claims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed . . . .'" *Robinson*, 339 F.2d at 549 (quoting 11 U.S.C. § 93(n) (1964)). Although the *Robinson* court stated that this section previously had been applied as a strict bar both to creditors who failed to present their claims as well to debtors who failed to list their debts beyond the six month period, the court nonetheless concluded that the language applied only to creditors, not debtors, and thus the bankruptcy court, as a court of equity, could allow amendment of a debtor's schedules for the purpose of including a debt after the six month period in certain circumstances. *Id*. at 549–50. Presumably the *Robinson* court focused on § 57n because that was the statutory basis for the bankruptcy court's decision below denying amendment; however, it is less than clear why the court did not consider § 17a, when it was the obvious goal of the debtor in the bankruptcy case to discharge the debt at issue by seeking to amend his schedules. This failure to consider § 17a is even more puzzling in light of *Birkett*, which is not mentioned in *Robinson*, as well as *Milando v. Perrone*,

Case No. 3:08CV173/MCR

549–50. The bankruptcy court also surveyed other cases relying on *Robinson*, including *Matter of Stone*, 10 F.3d 285 (5th Cir. 1994). *Stone* and other courts have found § 523(a)(3)(A) ambiguous, and thus have resorted to the statute's legislative history to conclude that by enacting § 523(a)(3)(A) Congress intended to overrule *Birkett* and adopt *Robinson*.[6] *Id*. at 290 (concluding that § 523(a)(3) overrules *Birkett*); *In re Beezley*, 994 F.2d 1433, 1439, n.4 (9th Cir. 1993) (O'Scannlain, J., concurring) (same); *In re Beshensky*, 68 B.R. 452, 454 (Bankr. E.D. Wis. 1987) (same); *In re Taylor*, 54 B.R. 882, 885–86 (Bankr. E.D. Va. 1985) (same). The bankruptcy court below also looked to *Samuel v. Baitcher* (*In re Baitcher*), 781 F.2d 1529 (11th Cir. 1983), in which the Eleventh Circuit suggested in dicta that in the absence of fraud or intentional design a Chapter 7 debtor with no assets should be allowed to amend her schedules to include a debt not previously disclosed in the bankruptcy.[7] *Id*. at 1534. Addressing § 523(a)(3)(A), the *Baitcher* court noted that "the old prophylactic rule [from *Birkett*] does not in a no-asset case any more deny a discharge to one who has failed to schedule for reasons of honest mistake, not 'fraud or intentional design.' This would be an inequitable result, in the absence of

---

157 F.2d 1002 (2d Cir. 1946), in which the Second Circuit, relying on § 17a and *Birkett*, held that a debtor could not reopen his bankruptcy case to amend the original schedules to include a debt not previously scheduled when the creditor had no knowledge of the bankruptcy proceedings while they were pending. *Id*. Although *Robinson* and *Milando* are consistent in their treatment of § 57n as dealing exclusively with the creditor as opposed to the debtor, what *Milando* (following *Birkett)* recognized and *Robinson* seemingly overlooked is the principle behind § 17a, which is "that he who seeks the protection of a statutory bar against payment of his debts be required to bring himself within the provisions of the statutory grant." *Milando*, 157 F.2d at 1004. It would appear the *Robinson* court also overlooked *Birkett*, as *Robinson's* creation of an "equitable exception" to § 17a's statutory bar was a radical departure from the Supreme Court's reasoning in that case.

[6] Although the court acknowledges, as the House and Senate reports indicate, that in passing § 523(a)(3)(A) Congress intended to overrule *Birkett* by limiting the rights of a creditor on filing its proof of claim from the right to participate fully in all aspects of the administration of the bankruptcy estate, as *Birkett* had recognized, *see Birkett*, 195 U.S. at 349–50, 25 S.Ct. 39–40, to only the right to participate in asset distribution, *see Stone*, 10 F.3d at 290, the court notes the reports do not contain the same expression of intent regarding adoption of *Robinson*. H.R.Rep. No. 595, 95th Cong., 2d Sess. (1977), *reprinted in* 1978 U.S.S.C.A.N. 5963, 6320; S.Rep. No. 989, 95th Cong., 2d Sess. (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5864.

[7] The language is dicta because the court remanded the case for a factual determination of whether there was fraud or intent on the debtor's part in failing to list the creditor on her schedules. *Baitcher*, 781 F.2d at 1534.

Case No. 3:08CV173/MCR

prejudice." *Id*. The bankruptcy court noted that although *Baitcher* did not cite *Robinson* and the above language was only dicta as to the issue in this case, the case nevertheless appeared to follow the reasoning of *Robinson*, which the bankruptcy court felt the Eleventh Circuit would follow on the question presented in this case, given the absence of an Eleventh Circuit case interpreting § 523(a)(3)(A) in light of § 726(a)(2)(C). *See Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th 1981) (en banc) (adopting all decisions of the former Fifth Circuit announced prior to October 1, 1981, as binding precedent in the Eleventh Circuit). The bankruptcy court thus applied *Robinson's* equitable considerations and ruled that the Horlachers' debt to Eglin was not excepted from discharge by operation of § 523(a)(3)(A).

      This court finds it unnecessary to resort to § 523(a)(3)(A)'s legislative history and/or rely on *Robinson* or *Stone* to decide whether the Horlachers' debt is nondischargeable, in light of § 726(a)(2)(C). In reaching this conclusion, the court agrees with and follows the reasoning of *In re Ricks*, 253 B.R. 734 (Bankr. M.D. La. 2000), in which that court thoroughly analyzed the current Bankruptcy Code and found no ambiguity within § 523(a)(3)(A) or conflict between it and § 726(a)(2)(C). This is because, "in Chapter 7 cases, the right to share in the distribution of the debtor's assets is specifically protected for those creditors who did not receive notice . . . in time to file 'timely' proofs of claim." *Id.* at 744. This protection exists by virtue of § 726(a)(2)(C), which allows a creditor to "tardily" file a claim after the bar date but prior to a distribution. *Id*. As the *Ricks* court explained,

> Effectively, § 726(a)(2)(C) places creditors who did not receive notice sufficient to allow the timely filing of a proof of claim on a par equal to that which they would have enjoyed had they received notice from the outset of the bankruptcy case, and filed a proof of claim by the bar date. In this respect, a tardily filed claim under § 726(a)(2)(C) becomes the functional equivalent of a timely filed claim. The claim, though technically tardy, is allowed, and permitted status tantamount to that accorded timely filed proofs of claim.

*Id.* Thus, § 523(a)(3)(A) is "inapplicable to the situation where the creditor receives notice of the bankruptcy case too late to allow the filing of a claim by the bar date, but in time to allow the creditor to file a proof of claim prior to distribution." *Id.* Because the creditor may still file a proof of claim in the event of a distribution, his rights are protected, and he stands

Case No. 3:08CV173/MCR

on an equal footing with the other creditors.  Similarly, in *In re Kuhr,* 132 B.R. 421 (Bankr. E.D. Cal. 1991), the court observed that the purpose of filing a proof of claim in a Chapter 7 case is to permit the creditor to participate in the distribution, if any, of the estate.  *Id*. at 423.  The court reasoned that because timeliness of filing is employed as a means to determine which creditors will share in asset distribution and which creditors will not, a "timely" filing "under section 523(a)(3) can only mean filed in time to receive on an equal footing distribution of any dividends."  *Id*. at 424.  Thus, as *Ricks* and *Kuhr* both recognize, by operation of § 726(a)(2)(C), a creditor in a Chapter 7 no-asset case who did not have notice of the bankruptcy case in time to file its proof of claim prior to the bar date but who files its claim prior to distribution has filed a timely, albeit tardy, claim, which places the creditor on equal footing with other creditors in the event of a discharge.[8]  *Ricks*, 253 B.R. at 744*; Kuhr*, 132 B.R. at 423–24.  Accordingly, the debt is not subject to § 523(a)(3)(A)'s statutory bar to discharge.

The Bankruptcy Court's decision is AFFIRMED.

**DONE and ORDERED** this 31st day of March, 2009.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[8]  This result obtains only in a Chapter 7 case, however, because § 726(a)(2)(C) does not apply to cases opened under chapter 11, 12, or 13.  *See Ricks*, 253 B.R. at 745–47.  Under those types of cases, unless there is another statute similar to § 726(a)(2)(C) in the relevant chapter, § 523(a)(3)(A) operates to hold the debt nondischargeable.